**SEMA FALEAFAGA LUALEMAGA, Claimant,**

**v.**

**TUALAUULU EUGENE TOIA, Counter-Claimant.**

High Court of American Samoa
Land and Titles Division

MT No. 03-03

March 30, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, SAGAPOLUTELE, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Claimant, Tauivi Tuinei
For Counter-Claimant, Salanoa Aumoeualogo

## ORDER ON MOTIONS TO DISMISS

We have cross motions for dismissal. Counter-claimant Tualauulu E. Toia ("Toia") moves to dismiss claimant Sema Faleafaga's ("Faleafaga") petition, on the grounds that she had offered the family's *matai* title for registration before the family had even met to select a new *matai*. *See* A.S.C.A. § 1.0405(b); *In re Matai Title "Taliaaueafe,"* 3 A.S.R.3d 225 (Trial Div. 1999) (Order on Motion to Dismiss).

Faleafaga responded with her own motion to dismiss, arguing that Toia's petition and counterclaim was non-responsive to her succession claim to the "Faleafaga" *matai* title, because Toia's counterclaim refers to an "Aofaga" *matai* title.

Dealing first with Faleafaga's motion to dismiss, we note that her petition adverts to the "Faleafaga/Aofaga" *matai* title as the subject of her succession claim. At the same time, the weight of the evidence presented suggests that the labels "Faleafaga" and "Aofaga" have in the past been interchangeable; and that they reference the same *matai* title in Amouli. Faleafaga's motion is unfounded and, therefore, denied.

■ On Toia's motion to dismiss, we find that while certain members of the Faleafaga/Aofaga family had met to discuss the selection of a *matai*, those gatherings comprised only of Faleafaga's immediate family; more specifically certain members of her clan. This hardly qualifies as a family meeting since Tuiasina Laumoli testified that the family is multi-clan.

■ We further find that the alleged family meetings were not properly convened to ensure that *all* clans had adequate notice, in accordance with the customs of the Faleafaga/Aofaga family. Under these circumstances, where the family has not met to consider the issue of *matai* succession, there can be no "*disputed* claim," properly before us. A.S.C.A. § 1.0409. *See In re Matai Title "Taliaaueafe,"* 3 A.S.R.3d at 225. As we previously noted:

> Unless and until a family has had a meaningful opportunity to thoroughly confront the issue of matai succession and to decide for itself whether or not it can select a new titleholder, the Lands and Titles Division really has no business entertaining matai title cases.

*Id.* at 228-29. Toia's motion to dismiss is granted, but without prejudice, so that the matter of selecting the next titleholder can be taken up by *all* the family's clans.

Accordingly, all succession petitions currently before the Territorial Registrar pertaining to the *matai* title Faleafaga/Aofaga from the village of Amouli are dismissed without prejudice.

It is so ordered.